# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOWNSEL,<br><br>    Plaintiff,<br><br>    v.<br><br>MADERA COUNTY DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:15-cv-00652 DLB PC<br><br>FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 FOR VIOLATION OF THE EIGHTH AMENDMENT |

**I.   Screening Requirement and Standard**

Plaintiff David Townsel, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 29, 2015. Plaintiff consented to the jurisdiction of the Magistrate Judge on May 11, 2015.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.    Discussion**

    **A.    Plaintiff's Allegations**

Plaintiff's claims arise from events which occurred at Madera County Jail in Madera, California.  Plaintiff brings this action against Madera County Officers Benjamin Mendoza, Morales, and Warren, for cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

On November 18, 2013, Plaintiff was evaluated by R.N. Sean Ryan and found to have no indication of being a danger to himself or others.  He was found to be clear of all psychotic markers.  Upon refusal of medication, he was placed in housing module "C" where violent, sexual predators were also housed even though Plaintiff had no history of such offenses.  Plaintiff spent

16 days in module "C." Upon restarting his medication, Plaintiff was returned to general population. Plaintiff complains that he was placed in danger of being attacked as a result of his placement in module "C."

### B. Eighth Amendment Claim

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

With respect to Plaintiff's placement in module "C," it appears Plaintiff was placed in protective housing because of mental health concerns. Module "C" also housed sexual violent predators. Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In this case, Plaintiff's placement in protective housing alongside sexual violent predators does not amount to housing conditions grave enough to support a claim under the Eighth Amendment. Moreover, Plaintiff has not sufficiently linked any of the named defendants to knowledge and disregard of such housing conditions.

In addition, Plaintiff did not sustain a physical injury. It appears he seeks damages for emotional distress caused by his placement in protective housing, but Plaintiff may not pursue a claim for emotional or mental distress in the absence of a physical injury which is more than *de minimis*. 42 U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002); *accord Pierce v. County of Orange*, 526 F.3d 1190, 1123-24 (9th Cir. 2008).

Accordingly, the Court finds that Plaintiff's allegations do not support a claim for relief under section 1983 for violation of the Eighth Amendment.

### III. Conclusion and Order

For the reasons set forth above, Plaintiff's complaint fails to state any cognizable claims under section 1983. Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr*, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint, not to exceed twenty-five (25) pages, excluding exhibits; and

///

///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: __**February 24, 2016**__             /s/ *Dennis L. Beck*
                                     UNITED STATES MAGISTRATE JUDGE