# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOWNSEL,<br><br>          Plaintiff,<br><br>   vs.<br><br>MADERA COUNTY DEPARTMENT OF CORRECTIONS, and OFFICER BENJAMIN MENDOZA, *et al.*,<br><br>          Defendants. | Case No. 1:15-cv-00652-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(ECF Nos. 9, 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff David Townsel ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 25, 2016, the Court dismissed Plaintiff's initial complaint with leave to amend. (ECF No. 9.) Plaintiff filed a first amended complaint on March 1, 2016. On September 8, 2016, this matter was reassigned to the undersigned. (ECF No. 11). Plaintiff's first amended complaint is currently before the Court for screening.

**I.**    <u>**Screening Requirement and Standard**</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. <u>Allegations in the First Amended Complaint</u>

The events giving rise to this action occurred while Plaintiff was incarcerated at the Madera County Jail in Madera, California. Plaintiff names the following defendants: (1) the Madera County Department of Corrections; (2) Officer Benjamin Mendoza; (3) Officer Warren, and (4) Corporal Morales as defendants. Plaintiff alleges that while at the Madera County Jail he was housed in "Ad-Seg Unit C" as a result of his schizophrenia. While in Unit C Plaintiff was simultaneously housed with "violent sexual predators," even though he had no history of sexually violent predation. After sixteen days in Unit C, Plaintiff was returned to the general population.

Based on his housing in Unit C, Plaintiff asserts that Defendants violated his Eighth Amendment right against cruel and unusual punishment by placing him with sexually violent inmates. Plaintiff's first amended complaint also alleges that Defendants violated his due process rights when prison officials failed to respond to his related administrative grievance

2

within "the mandatory thirty-day time period." For his claims, Plaintiff requests $2 billion dollars in damages.

**III.     Analysis**

   **A.     Failure to Protect**

Plaintiff contends that Defendants violated his rights by endangering his safety when he was housed alongside sexually violent inmates in Unit C. It is unclear whether Plaintiff is a convicted prisoner or pretrial detainee. Pretrial detainees are entitled to Fourteenth Amendment protections. *See Seling v. Young*, 531 U.S. 250, 265 (2001) ("[D]ue process requires that the conditions and duration of confinement under the [civil confinement act] bear some reasonable relation to the purpose for which persons are committed."). Assuming Plaintiff was a pretrial detainee, his claim must be analyzed under the Fourteenth Amendment. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. Aug. 15, 2016) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979)); *Johnson v. Corizon Health, Inc*., 2015 WL 1549257, at *9 (D. Or. Apr. 6, 2015). Detainees who have been convicted of a crime may sue prison officials under the Eighth Amendment's Cruel and Unusual Punishment Clause, but pretrial detainees must instead sue under the Fourteenth Amendment's Due Process Clause. *Id.* Under *Castro v. Los Angeles*, a pretrial detainee establishes a Fourteenth Amendment failure-to-protect claim if he can show that: (1) defendant made an intentional decision with respect to the conditions of plaintiff's confinement; (2) plaintiff was exposed to a "substantial risk of serious harm ... that could have been eliminated through reasonable and available measures"; (3) "defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious;" and (4) by not taking those measures, defendant caused plaintiff's injuries. *Castro,* 833 F.3d at 1071.

In this case, whether a pretrial detainee or prisoner, Plaintiff has not alleged any facts to indicate that he was incarcerated under conditions presenting a substantial risk to his personal safety. Plaintiff states that he was initially reassigned to Unit C for "mental health concerns" after he refused to take his "psychiatric meds for schizophrenia," but as alleged, when he

3

resumed his prescribed medication he was re-released to general population. Plaintiff does not assert any allegations that he was harmed during his time in Unit C nor does he allege that he experienced any grave threat or risk of harm. Plaintiff's allegations are no more than a mere suspicion of danger based solely on the classification of other inmates. This does not amount to a cognizable claim. Plaintiff's claims based on his housing conditions, therefore, do not support a claim under either the Due Process clause or the Eighth Amendment. *See generally Hudson v. Palmer*, 468 U.S. 517, 526, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) ("Prisons, by definition, are places of involuntary confinement of persons who have a demonstrated proclivity for antisocial criminal, and often violent, conduct."); *See, e.g., Berg v. Kincheloe*, 794 F.2d 457, 461 (9th Cir. 1986) (observing prison environment is "at best, tense[,]" "sometimes explosive," and "always potentially dangerous").

Moreover, as stated in the first screening order, Plaintiff has not sufficiently linked any of the named defendants to knowledge and disregard of sufficiently serious housing conditions. A § 1983 Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of a defendant and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). While Plaintiff appears to have submitted a grievance complaining about his housing assignment, there are no facts to suggest that prison officials had "more than a mere suspicion that an injury would occur." *See, e.g., Berg*, 794 F.2d at 461 (prison officials "must have more than a mere suspicion that an attack will occur" before they are obligated to take steps to prevent an inmate assault). As mentioned above, Plaintiff does not allege an attack or injury nor does Plaintiff claim that he communicated any threat of injury beyond his general housing assignment. Any suspicions relayed in Plaintiff's grievance procedure, standing alone, do not plausibly show that Defendants responded with deliberate indifference under these circumstances. Based upon the foregoing, Plaintiff cannot state a claim for a Due Process violation or for cruel and unusual housing conditions in violation of the Eighth Amendment.

### B. Grievance Responses

Plaintiff next alleges that he suffered a due process violation when prison official failed to respond to his grievance "within the mandatory thirty days." The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty or property interests without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). "Due process protections extend only to deprivations of protected interests." *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015) (*citing Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569-70, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). However, there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, Plaintiff may not impose liability on a defendant simply because he played a role in processing Plaintiff's grievance or because the grievance process was otherwise rendered unfair. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.") (Internal quotations omitted)).

Plaintiff cannot state a cognizable claim in this action based on his allegations that Defendants failed to timely respond to his grievance.

### IV. Conclusion and Recommendation

For the reasons stated, Plaintiff's first amended complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff has been granted the opportunity to amend, with direction from the Court, to correct the deficiencies in his claims. Despite being provided with the relevant pleading and legal standards applicable to his claims, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, for the reasons stated, it is HEREBY RECOMMENDED that Plaintiff's first amended complaint be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 13, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE